23 F.3d 394
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Egidio DE SANTIS AS HE IS ADMINISTRATOR OF THE ESTATE OF
GIORGIO DE SANTIS, Plaintiff, Appellant,
v.
Theodore F. DOBBINS, ET AL., Defendants, Appellees.
 No. 93-1688
 United States Court of Appeals,
First Circuit.
 May 11, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Rya W. Zobel, U.S. District Judge ]
 David P. Angueira, with whom John H. Perten, William F. Ryan, and Bowditch & Dewey were on brief for appellant.
 Thomas M. Elcock, with whom Lawrence F. Boyle and Morrison, Mahoney & Miller were on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before Selya, Circuit Judge, Bownes, Senior Circuit Judge, and Boudin, Circuit Judge.
 BOWNES, Senior Circuit Judge.
 
 
 1
 At about 3:30 a.m. on the morning of September 19, 1991, there was a collision at the intersection of Arlington and Stuart Streets in Boston between an automobile driven by Giorgio DeSantis and a newspaper delivery truck driven by Theodore Dobbins. DeSantis was killed in the accident. At the time of his death, DeSantis, a student, was an Italian citizen living in West Roxbury, Massachusetts.
 
 
 2
 A diversity action was subsequently brought in the federal district court of Massachusetts by Egidio DeSantis, an Italian citizen, as administrator of his son Giorgio's estate. Named as defendants were: Dobbins, driver of the truck; News Group Boston, Inc. d/b/a The Boston Herald, lessee of the truck; and Lily Transportation Corporation, lessor and owner of the truck.[1] The case was tried to a jury and it returned a verdict finding that neither Dobbins nor the Herald were liable. This appeal followed.
 
 
 3
 Plaintiff-appellant raises two issues: (1) whether the trial court erred in excluding certain testimony and proffered evidence; and (2) whether the trial court erred in omitting a requested jury instruction. We affirm.
 
 THE EXCLUSIONARY RULINGS
 
 4
 Plaintiff agrees, as he must, that the admission and exclusion of evidence are reviewed under an abuse of discretion standard. American Title Ins. Co. v. East West Financial, 16 F.3d 459, 460 (1st Cir. 1994); United States v. Spinosa, 982 F.2d 620, 629 (1st Cir. 1992); DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 918 (1st Cir. 1992).
 
 
 5
 A. Exclusion of Certain Testimony of Henry Moore
 
 
 6
 Henry Moore was the first witness at trial. He was the route fleet supervisor for the Herald. Plaintiff attempted to introduce a deposition statement by Moore that he told Dobbins, after the accident, that the speed at which Dobbins claimed to be going when he entered the intersection, 20-25 miles per hour, was "excessive or unsafe."
 
 
 7
 Plaintiff argues strenuously here, as he did below, that the statement was admissible as a vicarious admission against the Herald. There can be no doubt that the primary purpose of seeking the admission of the statement was to show that Dobbins was travelling at an "excessive or unsafe" speed just before the accident. This does not make the statement inadmissible, but it does add another ingredient to the admissibility mix.
 
 
 8
 We reproduce part of the colloquy between plaintiff's counsel and the court on the admissibility of Moore's statement:
 
 
 9
 MR. ANGUEIRA: Dobbins' evidence is that he was traveling at 20 to 25 miles per hour, and that's what the defendants' experts are prepared to say, also. So, assuming that to be true, Mr. Moore as his supervisor-
 
 
 10
 THE COURT: But Mr. Moore's opinion that 20 to 25 miles an hour is excessive at 3:40 a.m., whatever the time may be, is just a person's opinion. It isn't a statement of fact binding on a party.
 
 
 11
 MR. ANGUEIRA: It's more than an opinion, your Honor. In this case, in his capacity as the route fleet supervisor and engaged in his responsibilities of meeting with the driver after this accident, he asked Mr. Dobbins what happened. And in that capacity, he told his driver, as his supervisor, you were driving excessively and unsafely. That is a clear admission against the Boston Herald. Not against Dobbins. I agree. This evidence is not against Dobbins, but against the Boston Herald, I believe it's absolutely admissible.
 
 
 12
 THE COURT: I don't understand that to be the case. I do not understand how the opinion of a person who wasn't there and who is not trained in deciding what is excessive and what is not, can be binding on the corporation. I don't see how he was authorized to make that kind of a statement on behalf of the Herald.
 
 
 13
 Whether Dobbins' speed when entering the intersection was "excessive or unsafe" was one of the primary issues that the jury had to decide. The statement by Moore was clearly an opinion and not an admission against interest. Rule 701 of the
 
 Federal Rules of Evidence provides:
 Opinion Testimony by Lay Witnesses
 
 14
 If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.
 
 
 15
 Because Moore had not seen the accident, his opinion could not have been rationally based on his perception. As the court pointed out inferentially, if Moore had been an expert on automobile accidents and the speeds attendant on them, he may have been entitled to testify under Fed. R. Evid. 702 and render an opinion as to whether Dobbins' speed was "excessive or unsafe" under Fed. R. Evid. 704(a).[2] This was not the situation before the district court. Moore was not an expert by any stretch of the imagination and it would have been patently unfair to allow the statement in evidence.
 
 
 16
 It is important to note that Moore was allowed to testify that he told Dobbins, "In my opinion I would have slowed down more."
 
 
 17
 It was neither an abuse of discretion nor error for the trial court to exclude Moore's statement.
 
 
 18
 B. Exclusion of Questions Directed to Dobbins About
 
 
 19
 a Workmen's Compensation Claim That Dobbins Filed
 
 After the Accident
 
 20
 Plaintiff made an offer of proof to the following effect. Defendant Dobbins filed a workmen's compensation claim claiming that he was injured in the automobile accident. Yet on the morning of the accident, he reported for full-time work at another job he had at Amtrak. And he worked at Amtrak during the period that his workmen's compensation claim asserted he was disabled because of the automobile accident.
 
 
 21
 After hearing argument from counsel on the question, the court ruled: "Engaging in the balance of probative value and prejudice, I rule it out on the grounds that the prejudice outweighs the probative value." It is evident that the judge's ruling was made pursuant to Fed. R. Evid. 403.[3] The standard we follow in reviewing such a determination has been stated as follows:
 
 
 22
 The decision to admit or exclude evidence under Fed. R. Evid. 403 is committed to the broad discretion of the trial court and we will reverse the court's judgment only rarely and in extraordinary compelling circumstances
 
 
 23
 United States v. Brandon, 17 F.3d 409, 443 (1st Cir. 1994) (footnote omitted).
 
 
 24
 It was not an abuse of discretion for the court to prohibit questioning of Dobbins about the workmen's compensation claim he filed.
 
 
 25
 C) The Exclusion of Maintenance Records of the Truck
 
 
 26
 and Other Records of its Condition
 
 
 27
 The district court excluded maintenance records of the truck and other records of defective headlights because they were too remote in time from the accident. The accident happened on September 19, 1991. The maintenance record closest in time to the accident was July 13, 1991. The court found this record "wholly irrelevant." The record as to defective headlights was made on July 13 and 15, 1991. In its exclusionary ruling on the headlight defects the court stated: "It seems to me that the evidence of alleged defect is so remote in time to the accident, that it would serve no probative purpose whatsoever to introduce them."
 
 
 28
 The court's rulings did not amount to an abuse of discretion.
 
 
 29
 D) The Failure of the Court to Inform the Jury, "That
 
 
 30
 it was Entitled to Draw an Adverse Inference from
 
 
 31
 Defendants' Intentional and Improper Disposal of
 
 
 32
 the Herald Truck After the Accident."
 
 
 33
 Plaintiff's statement of the issue and his argument on it are based on a false premise: that defendants intentionally and improperly disposed of the truck involved in the accident. There is no such evidence in the record. The evidence discloses the following. No request was made until March 10, 1992 by plaintiff that the truck be held so that it could be examined by plaintiff. The truck was repaired within thirty days of the accident pursuant to Department of Transportation requirements. After the truck was repaired, it was used again. There was no court order at anytime directing that the truck be held for inspection by plaintiff. The truck was sold on January 22, 1992 by the lessor.
 
 
 34
 On this state of the record, there was no reason for the court to give the instruction requested by plaintiff.
 
 
 35
 Affirmed.
 
 
 
 [1]
 On the fifth day of trial plaintiff voluntarily dismissed his claim against Lily
 
 
 [2]
 Fed. R. Evid. 702 provides:
 If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
 Fed. R. Evid. 704(a) states:
 Opinion on Ultimate Issue
 (a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.
 
 
 [3]
 Fed. R. Evidence 403 provides:
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.